UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| TRACY LYNN FALIN ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> ANDREW SAUL, ) <br> Commissioner of Social Security ) <br> Administration, ) <br> ) <br> *Defendant*. ) | Case No: 2:18-cv-202 <br><br> Judge Christopher H. Steger |

**MEMORANDUM OPINION**

Plaintiff Tracy Falin seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from her denial by the Commissioner of the Social Security Administration regarding her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, 42 U.S.C. §§ 401-34, 1381-83f. [*See* Doc. 1]. The parties consented to the entry of final judgment by the undersigned United States Magistrate Judge, according to 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 18].

For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings [Doc. 19] will be **DENIED**; the Commissioner's Motion for Summary Judgment [Doc. 21] will be **GRANTED**; and judgment will be entered **AFFIRMING** the Commissioner's decision.

**I.     Procedural History**

In June 2015, Plaintiff applied for disability insurance benefits and supplemental security income under Title II of the Act, 42 U.S.C. §§ 401-434, alleging disability of June 16, 2015. (Tr. 15). Plaintiff's claims were denied initially as well as on reconsideration. (*Id.*). As a result, Plaintiff

1

requested a hearing before an administrative law judge. (*Id.*).

In March 2018, ALJ Michael Davenport heard testimony from Plaintiff and a vocational expert, as well as argument from Plaintiff's attorney. The ALJ then rendered his decision, finding that Plaintiff was not under a "disability" as defined in the Act. (Tr. 27). Following the ALJ's decision, Plaintiff requested that the Appeals Council review her denial; however, that request was denied. (Tr. 1). Exhausting her administrative remedies, Plaintiff then filed her Complaint in November 2018, seeking judicial review of the Commissioner's final decision under § 405(g) [Doc. 1]. The parties filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. Findings by the ALJ

The ALJ made the following findings with respect to the decision on Plaintiff's application for benefits:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2020.

2. Plaintiff had not engaged in substantial gainful activity since June 16, 2015, through the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.*).

3. Plaintiff has the following severe impairments: back disorder, foot pain with bilateral Achilles tendonitis, fibromyalgia, obesity, depression, and anxiety (20 C.F.R. § 404.1520(c)).

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).

5. Absent certain limitations, Plaintiff retained the residual-functional capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(b).

6. Plaintiff is unable to perform any past relevant work (20 C.F.R. § 404.1565).

7. Plaintiff was born on March 6, 1980, and was 35 years old, which is defined as a younger individual (age 18-49) on the alleged disability onset date (20 C.F.R. § 404.1563).

8. Plaintiff has at least a high school education and can communicate in English (20 C.F.R. § 404.1564).

9. The transferability of job skills is not material to the determination of disability because the ALJ found that Plaintiff was not disabled regardless if she has transferable job skills (SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Considering the Plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that the Plaintiff can perform (20 C.F.R. §§ 404.1569, 404.1569(a)).

11. Plaintiff has not been under a disability, as defined in the Social Security Act, from June 16, 2015, through the date of the ALJ's decision (20 C.F.R. § 404.1520(g)).

(Tr. at 15-27).

### III. Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if she: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

The determination of disability under the Act is an administrative decision. To establish disability under the Social Security Act, a plaintiff must show that she is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity, she is not disabled; (2) if the claimant does not have a severe impairment, she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment, she is disabled; (4) if the claimant is

capable of returning to work they have done in the past, she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy, she is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy that she can perform considering her age, education, and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the findings of the Commissioner and whether the Commissioner made any legal errors in the process of reaching their decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings, they must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes there is a zone of choice within which the decision-makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

Courts may consider any evidence in the record, regardless of whether the ALJ cited it. *See*

*Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). But, for purposes of the substantial-evidence review, courts may not consider any evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Also, courts are not obligated to scour the record for errors not identified by the claimant, *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived), and "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

## IV.   Analysis

Plaintiff faults the ALJ's finding for the following two reasons: (1) The ALJ erred in determining that Plaintiff's migraines were non-severe; and (2) The ALJ failed to adequately address Plaintiff's limitations in light of her fibromyalgia. The Court will address each contention.

### A.   Plaintiff's Migraine Headaches

Plaintiff first contends that the ALJ erred in finding that Plaintiff's migraines were not a severe impairment. [Doc. 20 at PageID #: 906-08]. In support of this contention, Plaintiff points to the state-agency physicians who opined that her migraines were severe. [*Id.* at PageID #: 907]. Plaintiff surmised that the ALJ "did not consider the migraine headaches severe[, then] he simply didn't take them into account in making his RFC determination." [*Id.* at PageID #: 908]. The Government countered that the ALJ did take into consideration Plaintiff's migraines, but he found them to be non-severe due to lack of evidence. [Doc. 22 at PageID #: 927].

The ALJ stated the following as to Plaintiff's migraine headaches:

Although the claimant alleges disability, in part, due to migraines, the record shows only minimal treatment during the period at issue.

> The record shows that the claimant was seen at Rogersville Medical Complex on August 15, 2017 with complaints of migraine headaches. She was treated with an injection and prescribed Promethazine (Exhibit 16F).
>
> The undersigned notes that the claimant has not sought nor required further treatment since that time. The undersigned notes that treatment records show that the claimant was neurologically intact and does not show evidence of severe or frequent headaches during the period at issue. For the foregoing reasons, the undersigned finds that the claimant does not have a severe impairment related to migraine headaches.

(Tr. 23).

A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Upon determining that a claimant has one severe impairment, the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). Here, the ALJ found that Plaintiff had the following severe impairments: back disorder, foot pain with bilateral Achilles tendonitis, fibromyalgia, obesity, depression, and anxiety. (Tr. 17).

Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ fails to classify a separate condition—in this instance, Plaintiff's migraines—as a severe impairment, does not constitute reversible error. *Id.* An ALJ can consider such non-severe conditions in determining the claimant's residual functional capacity. *Id.* In other words, "[t]he fact that some of [Plaintiff's] impairments were not deemed to be severe at step two is [ ] legally irrelevant." *Anthony v. Astrue*, 266 Fed. Appx. 451, 457 (6th Cir. 2008). *See Hedges v. Comm'r of Soc. Sec.*, 725 Fed. Appx. 394, 395 (6th Cir. 2018) (an ALJ's failure to find impairments "not severe" at step two is legally irrelevant, because the ALJ must consider the limiting effects of all impairments, including those that are "not severe," at step four). So, even if Plaintiff could

successfully argue that one of her contested impairments—i.e., migraines—is severe, "the specific severe impairment noted by the ALJ in his step two finding is irrelevant." *Hastie v. Colvin*, No. 3:13-CV-511-TAV-HBG, 2014 WL 2208942, at *3 (E.D. Tenn. May 28, 2014). The Sixth Circuit has explained that when an ALJ finds some impairments to be severe and continues the sequential evaluation process, as is the case here, it is "legally irrelevant" that other impairments are determined to be non-severe. *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. Oct. 31, 2008). "[O]nce any one impairment is found to be severe, the ALJ must consider both severe and non-severe impairments in the subsequent steps." *Id.* (citing Anthony v. Astrue, 266 F. App'x 451, 457 (6th Cir. Feb. 22, 2008)); see also 20 C.F.R. § 416.945(a)(2) (explaining that "[i]f you have more than one impairment[,] [w]e will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' as explained in §§ 416.920(c), 416.921, and 416.923, when we assess your residual functional capacity.").

The Court finds that the ALJ did not commit reversible error at step two of the sequential evaluation. The ALJ considered Plaintiff's migraine impairment in generating Plaintiff's residual-functional capacity; therefore, remand is unnecessary. *See Pompa v. Comm'r of Soc. Sec.*, 73 Fed.App'x. 801, 803 (6th Cir. 2003) (holding that because the ALJ found the claimant had a severe impairment at Step Two, "the question of whether the ALJ characterized any other alleged impairment as severe or not severe is of little consequence").

### B. Plaintiff's Fibromyalgia

Plaintiff also claims that the ALJ erred in not properly assessing her fibromyalgia. Plaintiff noted that, while the ALJ classified Plaintiff's fibromyalgia as a severe impairment, the ALJ "did not address . . . the impact of the condition on her ability to do sustained work on a continuous

7

basis. The claimant's testimony concerning having bad days and good days . . . supports the contention that she will have certain days every week that she cannot work due to extreme pain." [Doc. 20 at PageID #: 909].

As an initial matter, the Court notes that the determination of Plaintiff's credibility is entirely within the ALJ's discretion. *See Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (recognizing that the Sixth Circuit holds the ALJ's credibility findings to be virtually "unchallengeable") (citations omitted). An ALJ's findings on credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531. But those findings must be supported by substantial evidence. *Id.* And "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id.*

It should also be noted that fibromyalgia is not disabling *per se*, and once it is established as a severe impairment, it must be evaluated like any other impairment. SSR 12-2p ("As with any adult claim for disability benefits, we use a 5-step sequential evaluation process to determine whether an adult with an MDI of FM is disabled."). *See Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008) ("[A] diagnosis of fibromyalgia does not automatically entitle Vance to disability benefits; particularly so here, where there is substantial evidence to support the ALJ's determination that Vance's fibromyalgia was either improving or, at worst, stable.").

In considering Plaintiff's symptoms as well as the medical evidence, the ALJ found that Plaintiff's allegations regarding the limiting effects of her symptoms were not entirely credible. (Tr. 23-24); *see* 20 C.F.R. § 404.1529 ("In determining whether you are disabled, we consider all of your symptoms, including pain, and the extent to which your symptoms can reasonably be

accepted as consistent with the objective medical evidence and other evidence."). As a basis for this finding, the ALJ found a lack of objective evidence to support Plaintiff's complaints; he took into account her activities of daily living; and he noted discrepancies within the record. (*Id.*). *See* SSR 96–7p, 1996 WL 374186, at *7 (An ALJ may find a claimant's statements "less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure."). The ALJ noted, for instance, that no treating physician placed any permanent restrictions on Plaintiff during the disability period. (*Id.* at 23).

Substantial evidence also supports the ALJ's consideration of the minimal objective evidence to support Plaintiff's back impairment (Tr. 20). *Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013). Plaintiff had negative lumbar spine x-rays in 2015 and cervical spine x-rays showed only slight narrowing (Tr. 20, 806), and an MRI in April 2016 showed no significant neural foraminal narrowing (Tr. 21, 685).

The ALJ also considered Plaintiff's foot pain in conjunction with her fibromyalgia diagnosis. (Tr. 21). The ALJ, for example, noted treatment records from Eric Parks, M.D., from February 2016, which showed "good progress" concerning foot pain despite a "very small" Achilles tendon tear (Tr. 656). *See Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 800 (6th Cir. 2004) (affirming finding of not disabled in part because the claimant's conditions were controlled with treatment). As part of the ALJ's analysis, he may consider a "record of any treatment and its success or failure, including any side effects of medications." SSR 16-3p.

The ALJ further considered the evidence showing that Plaintiff's fibromyalgia symptoms improved with medications (Tr. 21, 690). The December 2017 record showed that Plaintiff took medications for her fibromyalgia, and she was to keep taking them (Tr. 690, 694). The ALJ

9

considered that, in one of the late 2016 examinations, Plaintiff had tenderness and some decreased range of motion, but she had intact strength and was encouraged to continue strengthening (Tr. 21, 686). The ALJ also properly considered that Plaintiff had a wide variety of fairly normal activities (Tr. 18, citing Tr. 195-97, 539); *see Temples v. Comm'r of Soc. Sec.*, 515 F. App'x 460, 462 (6th Cir. 2013); 20 C.F.R. § 404.1529; SSR 16-3p.

In sum, the evidence regarding the severity of Plaintiff's impairments is inconsistent and can support more than one reasonable conclusion. The Court will not second-guess the ALJ's finding since the ALJ gave numerous reasons, supported by the record, for determining that Plaintiff's subjective allegations were not entirely credible. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713–14 (6th Cir. 2012) ("As long as the ALJ cite[s] substantial, legitimate evidence to support his factual conclusions, we are not to second-guess.").

## V. Conclusion

Having reviewed the administrative record and the parties' briefs, Plaintiff's Motion for Judgement on the Pleadings [Doc. 19] will be **DENIED**; the Commissioner's Motion for Summary Judgment [Doc. 21] will be **GRANTED**; and the decision of the ALJ will be **AFFIRMED**. Judgment will be entered in favor of the Defendant.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE